# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DWAYNE JACKSON, :
    Plaintiff, : Case No. 19-cv-2880-JDW
  :
v. :
  :
CATHY M. TALNODGE, *et al.*, :
    Defendants. :

## **MEMORANDUM**

Plaintiff Dwayne Jackson, an inmate at Philadelphia Industrial Correctional Center ("PICC"), is representing himself and has filed a civil action against two Correctional Officers, PICC's Warden Cathy Talmadge (who Jackson incorrectly identifies as "Talnodge,"), and a Captain Love. Because it appears that Jackson is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Amended Complaint will be dismissed in part without prejudice as to Defendants Talmadge and Love pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and with leave granted to Jackson to file a second amended complaint if he can cure the defects identified in his Amended Complaint.

## I.    FACTS

The Court accepts the facts in Mr. Jackson's Amended Complaint as true and construes them liberally in recognition of his status as a *pro se* plaintiff. Jackson alleges that on April 2, 2019, he was assaulted by Corrections Officers Creamer and Taylor who, after a fight broke out among other inmates, started punching and beating him. (ECF No. 6 at 5.) He claims he was punched in the left jaw, hit in the face by keys and in the neck with a walkie talkie, and kicked. (*Id.*) Jackson makes no substantive allegation regarding any named Defendant other than Creamer and Taylor.

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Kokinda v. Pa. Dept. of Corrections*, -- Fed. App'x --, 2019 WL 2577750, at * 2 (June 24, 2019). Moreover, because Mr. Hyppolite is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Leave To Proceed *In Forma Pauperis*

Mr. Jackson provided information demonstrating that he lacks the income or assets to pay the required filing fees. (ECF Nos. 4, 5.) Therefore, the Court will grant him leave to proceed *in forma pauperis*.

### B. Plausibility Of Claims In The Complaint

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Taken in the light most favorable to him, Mr. Jackson's Amended Complaint states a claim against Correctional Officers Creamer and Taylor for violation of rights that the Fourth and Fourteenth Amendments secure. However, Mr. Jackson does not make any allegations about the involvement of Warden Talmadge or Captain Love. The claims against those defendants could not withstand a Rule 12 motion.

To the extent that Mr. Jackson intends to assert claims against Warden Talmadge or Captain Love because they are supervisory officials, he would have to plead either that each of them participated in violating his rights, directed others to violate them, knew of and acquiesced in the violation of his rights, or "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). He has made no such allegation.

At this stage of the proceedings, the Court cannot say that Mr. Jackson is incapable of curing the defects with regard to Warden Talmadge or Captain Love. Therefore, the Court will dismiss the claims against them without prejudice. The Court will grant Mr. Jackson leave to file a second amended complaint.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.